UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KATHLEEN L. RAY,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Defendant.

Case No. 2:12-CV-00581-KJD-CWH

**ORDER**

    Before the Court are Plaintiff Kathleen L. Ray's Motions for Temporary Restraining Order and Preliminary Injunction (## 3, 4). Defendant Deutsche Bank National Trust Company has filed an opposition and countermotion to dismiss (##12, 13) and Plaintiff filed a response, reply, and motion for summary judgment (## 16, 17, 18). Defendant filed a reply to the motion to dismiss (#20) and a response to the motion for summary judgment (#21) and Plaintiff filed a reply (#23).[1]

I. Background

    Plaintiff obtained two mortgages on real property at 4631 Ondoro Ave, Las Vegas, Nevada (the "Property"). The first mortgage was for $448,000. First Franklin was the initial lender on both

---

[1] The Court requests that the parties take note of District of Nevada Special Order 109 which requires that "[a] separate document must be filed for each type of document or purpose."

mortgages and both loans were secured by Deeds of Trust encumbering the Property.  On September 1, 2008, Plaintiff stoppled paying her mortgage.  Cal-Western Reconveyance Corporation, which had been substituted as trustee, recorded a Notice of Default on December 5, 2008.  On December 23, 2008 an assignment was recorded transferring the Note and Deed of Trust from First Franklin to Defendant Deutsche Bank as Trustee for FFMLT Trust 2005-FF8, Mortgage Pass-Through Certificates, Series 2005-FF8.  Defendant purchased the Property at public auction on June 25, 2010 for $263,037.99.

On May 28, 2009, Plaintiff filed suit against Defendant, as well as First Franklin, and Cal-Western in the Eighth Judicial District Court of Nevada, case No. A591269.  The state Court granted First Franklin and Cal-Western's Motion to Dismiss on September 16, 2009.  On February 15, 2012, the Nevada Supreme Court issued affirmed the dismissal.  Ray v. Deutsche Bank National Trust, 2012 WL 516013 (Nev. Feb. 15, 2012); On February 10, 2011 Defendant filed an unlawful detainer action in Las Vegas Justice Court. Defendant obtained a Writ of Restitution from the Justice Court.  Plaintiff's appeals were unsuccessful.  Plaintiff then filed this action asserting various theories of recovery that have been rejected by the courts of this district.

II.  Discussion

    A.  Legal Standard

Because Plaintiff has filed a motion for summary judgment, the arguments of the parties will be considering pursuant to a summary judgment standard.

Summary judgment may be granted if judicially noticable documents, the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ. P. 56(a); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Id.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(a). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Plaintiff is representing herself *pro se*. Courts must liberally construe the pleadings of pro se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

B.  Res Judicata

The doctrine of res judicata bars subsequent lawsuits raising claims based on the same set of transactional facts as the prior action. Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (2003). If a court of competent jurisdiction has rendered a final judgment on the merits in a previous action involving the same parties and claims, a second suit is barred by res judicata. In re Int'l Nutronics, Inc., 28 F.3d 965, 969 (9th Cir. 1992), cert. denied, 115 S.Ct. 577 (1994). Furthermore, res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior lawsuit between the same parties on the same causes of action. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992).

Courts consider the following four factors when determining whether successive lawsuits involve the same causes of action:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003).

3

It is undisputed that the Eighth Judicial District Court and later the Nevada Supreme Court established Defendant's right to foreclose in the prior action.  It is also undisputed that the evidence in the prior suit was the Deed of Trust and other foreclosure documents.  It is undisputed that the prior suit involved the right to possess the Property.  Finally, there is no dispute that the prior suit in the Eighth Judicial District Court arose out of the same operative facts.

Additionally, the unlawful detainer action in Justice Court precludes this action. "[O]nce a state court grants an unlawful detainer judgment in favor of a foreclosure sale purchaser, the original trustor or borrower is foreclosed under the doctrine of claim preclusion from arguing that the foreclosure sale itself was improper." In re Edwards, 454 B.R. 100, 108 (B.A.P. 9th Cir. 2011) (citing Freeze v. Salot, 122 Cal.App.2d 561, 565–66, 266 P.2d 140, 142–43 (1954).

Because Plaintiff's claims are barred by the doctrine of res judicata, summary judgment is granted in favor of the Defendant.  Plaintiff is warned that any further action against Defendant in relation to the Property could result in sanctions by the Court, including an award of attorney's fees pursuant to NRS § 18.010.  The Court will not entertain motions to reconsider this Order.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (## 3, 4) are **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Summary Judgment (#18) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant's countermotion to dismiss (#13) is **DENIED** as moot.

**IT IS FURTHER ORDERED THAT** summary judgment is **GRANTED** in favor Defendant Deutsche Bank National Trust Company.

**IT IS FURTHER ORDERED THAT** the Clerk of Court shall enter judgment in favor of Defendant Deutsche Bank National Trust Company.

DATED this 17th day of September 2012.

_____
Kent J. Dawson
United States District Judge